IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.D. ALEXANDER, INC.,<br>a Florida corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>mBLOX, INC.,<br>a Delaware corporation,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-312-KAJ<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c), by and between the parties to the above-captioned litigation (the "Action") to the entry of this Stipulated Protective Order ("Protective Order").

WHEREAS these proceedings involve the production of certain information which the parties believe to be confidential and sensitive commercial, financial, or business information;

WHEREAS the parties may be subject to discovery requests seeking production of confidential and sensitive commercial, financial, or business information, or things in their possession that were received from non-parties pursuant to contractual or ethical obligations not to disclose the information, documents, or things;

WHEREAS the parties believe there is a need to protect such information, documents, and things produced during discovery from unrestricted disclosure; and,

WHEREAS the parties request that the following Protective Order be entered in this action with the terms set forth herein:

IT IS HEREBY STIPULATED AND AGREED, that the following shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties (the "Producing Party") to the Action in connection with discovery in the Action (such information hereinafter referred to as "Discovery Material"). Any Producing Party may designate any Discovery Material as "Confidential" if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Protective Order. Discovery Material falling into this category is referred to as "Restricted Discovery Material."

2. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Action and shall not be used for any other purpose, including without limitation, any business or commercial purpose, or any communications with, between or among any third party not involved in this Action.

3. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) Outside counsel who represent parties, regular and temporary employees, and service vendors of such counsel (including outside copying services and

2

outside litigation support services) assisting in the conduct of the case for use in accordance with this Protective Order;

      (b)    Experts or consultants (except for experts or consultants who are competitors or employees of competitors of the parties) not in the regular employ of the parties necessary to assist counsel for parties that have appeared in this case;

      (c)    Witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this case;

      (d)    The directors, officers, employees or agents of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in this case, or who appear as witnesses.

      (e)    The Court pursuant to paragraph 5 hereof;

      (f)    Court reporters employed in connection with this Action; and

      (g)    Any other person only upon order of the Court, or upon stipulation of the parties.

    4.    (a)    Restricted Discovery Material may be provided to the extent necessary for an expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this case, provided that such expert or consultant is using said Restricted Discovery Material solely in connection with this Action and further provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Protective Order.

      (b)    Every person given access to Restricted Discovery Material or

information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof. All persons who are given access to Restricted Discovery Material or information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing a copy of Exhibit A hereto.

5. All documents of any nature, including briefs, which have been designated as "Confidential" and which are filed with the Court, shall be delivered in a sealed envelope or container to the Court and shall not be available for public inspection.

6. Entering into, agreeing to and/or producing or receiving Restricted Discovery Material or otherwise complying with the terms of this Protective Order shall not:

(a) Operate as an admission by any party that any particular Restricted Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Restricted Discovery Material;

(c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence

subject to this Protective Order;

(d) Prejudice in any way the rights of a party to seek a determination whether any Discovery Material or Restricted Discovery Material should be subject to the terms of this Protective Order;

(e) Prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

7. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Restricted Discovery Material for any purpose. Nothing contained in this Protective Order shall prevent a party from disclosing Restricted Discovery Material to officers, directors or employees of, or to experts, consultants, or witnesses for the party or non-party that produced the Restricted Discovery Material.

8. The provisions of this Protective Order shall, absent written permission of the Producing Party or order of this Court or a court of competent jurisdiction, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom. Within 20 days after receiving notice of the entry of a decision, order, judgment or decree finally disposing of all proceedings in which Restricted Discovery Material is permitted to be used, all persons having received Restricted Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Restricted Discovery Material and certify that fact. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial

transcripts and attorney work product (including Discovery Material containing Restricted Discovery Material) provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to Court order or agreement with the party that produced the Restricted Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

9. During the pendency of this Action, any party objecting to the designation of any Discovery Material or testimony as Restricted Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Restricted Discovery Material pursuant to this Protective Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

10. If any person receiving documents covered by this Protective Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (i) give prompt written notice by hand or facsimile transmission within three business days of receipt of such subpoena or document demand, to those who produced or designated the material "Confidential", and (ii) object to the production of such Restricted Discovery Material on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of the subpoena shall fall upon the party

who produced or designated the Restricted Discovery Material. Unless the party who produced or designated the Restricted Discovery Material obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiver by hand delivery prior to production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Restricted Discovery Material shall not constitute a violation of this Protective Order.

11. <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| MORRIS, JAMES, HITCHENS & WILLIAMS LLP | LAW OFFICE OF JOHN M. LAROSA |
|---|---|
| /s/ Matthew Lintner | /s/ John M. LaRosa |
| Matthew F. Lintner (I.D. #4371)<br>Amy A. Quinlan (I.D. #3021)<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>(302) 888-6800<br>aquinlan@morrisjames.com<br>Attorneys for Defendant | John LaRosa (I.D. #4275)<br>Two East Seventh Street<br>Suite 302<br>Wilmington, DE 19801-3707<br>(302) 888-1290<br>JLR@larosalaw.com<br>Attorneys for Plaintiff |

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| Craig Daniel<br>Cooley Godward LLP<br>One Maritime Plaza<br>20th Floor<br>San Francisco, CA 94111-3580<br>ccdaniel@cooley.com | J. Stephen Woodside<br>Law Offices of J. Stephen Woodside<br>A Professional Corporation<br>The First Union Building<br>123 South Broad Street, Suite 1815<br>Philadelphia, PA 19109<br>jstephenwoodside@verizon.net |

SO ORDERED this _____ day of _____, 2005.

_____
J.

## EXHIBIT A

I hereby certify (i) my understanding that confidential material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Order") entered by the District Court of the State of Delaware, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order and I hereby submit to the jurisdiction of the District Court of the State of Delaware for purposes of enforcement of the Order. I understand that violation of the Order is punishable by contempt of Court.

Dated:_____        Signature:_____

1092866/1